IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEJUAN TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTA AIRSOFT INC. and MARC CLOUTIER,<br><br>    Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Kejuan Turner ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendants Atlanta Airsoft, Inc., ("Defendant Airsoft"), and Marc Cloutier ("Defendant Cloutier"; collectively "Defendants") for violations of his rights under 42 U.S.C. § 1981.

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices and tortious actions alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant Airsoft was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant Airsoft may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Marc Cloutier, at 4060 Spalding Drive, Atlanta, GA, 30350, USA.

7.

Defendant Cloutier may be served personally.

## FACTUAL ALLEGATIONS

8.

Plaintiff began his employment with Defendants on or about November 1, 2023.

9.

Plaintiff was employed as a warehouse employee.

10.

Plaintiff is African American.

11.

During Plaintiff's employ with Defendants, he was subjected to different treatment than non-black employees.

12.

Defendant Cloutier would curse at and be rude to Plaintiff whereas he would not do so with other employees.

13.

During his employment, Plaintiff also learned that when a previous black employee had resigned, Cloutier had said "I hate niggers."

14.

This treatment culminated in an incident, on or about November 16, 2024, in which Plaintiff was playing music at the work location as he had done before.

15.

When Plaintiff played a song by the artist Drake, Cloutier came out onto the floor and told Plaintiff to "turn off" his "nigger" music.

16.

Plaintiff, shocked, asked Cloutier what he had just said, and Cloutier again responded "you heard me, turn off your nigger music."

17.

Plaintiff then asked Cloutier "how could you call me that, why did you even say that?"

4

18.

Cloutier then asked Plaintiff what he was talking about.

19.

Plaintiff then said he had heard what Cloutier had just called him and Cloutier laughed at Plaintiff and stated he had not called Plaintiff anything.

20.

At that point, Plaintiff had begun to cry.

21.

Plaintiff then told Cloutier he had just called him a nigger and asked Cloutier if he was going to take accountability for what he had said.

22.

Cloutier continued to pretend he had not just used the word nigger, and so Plaintiff said he didn't understand what the problem was.

23.

Cloutier had in fact used the word nigger.

24.

Then, Cloutier responded "I told you the other day, the music you were playing when you first played, I love that shit. That was the bomb, you know all this eighties stuff..." and Plaintiff told Cloutier that he was not going to listen to that type of music every day.

25.

Cloutier responded in part by saying "You don't have to, but I'm not going to listen to that at all either, ever again. I mean its just me, you don't like it? You know, then we can part ways dude, real quick…"

26.

This was a threat to terminate Plaintiff.

27.

Coming to the realization that he was being threatened with termination, Plaintiff continued to complain by saying "I said, don't call me… it… its fine, I'm about to go on my lunch."

28.

Plaintiff then went to lunch.

29.

When Plaintiff attempted to return to work, Cloutier met him at the door and told him he was not allowed to come back.

30.

When Plaintiff asked why, Cloutier said "cause youre not working here no more."

31.

When Plaintiff asked why again, Cloutier simply responded "cause, you're not" and that he did not have to give Plaintiff a reason.

32.

Plaintiff then accused Cloutier of terminating him because Cloutier had just called him a nigger, and Cloutier again denied using the term. "saying whatever, you're such a liar, get out of here dude."

33.

At all times relevant, Defendant Cloutier was Plaintiff's "employer" under 42 U.S.C. § 1981.

34.

Defendant Cloutier is involved in the day-to-day operations and has substantial operational control over Defendant Airsoft, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

35.

Defendant Cloutier exerts substantial control over Defendant Airsoft's compliance with § 42 U.S.C. 1981, and, in fact, directly responsible for and at the heart of Defendant's violations of the relevant statutes in this matter.

36.

Defendant Cloutier has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Airsoft in the same capacity as Plaintiff.

37.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for unlawful retaliation in response to Plaintiff's protected activity.

## **COUNT I: VIOLATION OF 42 U.S.C. § 1981: RETALIATION**

38.

Plaintiff reincorporates paragraphs 8-37 as if fully set forth herein.

39.

Plaintiff engaged in protected conduct when he complained about Defendant Cloutier's multiple uses of the word nigger.

40.

Defendants subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct, specifically terminating Plaintiff's employment.

41.

There was a causal connection between the protected conduct and the adverse action.

42.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional harm.

43.

Defendant's actions were in willful disregard of the law and showed malice and indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff damages for emotional distress;

(D)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(F)   Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(G)   Grant Plaintiff punitive damages; and

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

This 2nd day of July, 2024.

                                 **BARRETT & FARAHANY**

                                 /s/ V. Severin Roberts
                                 V. Severin Roberts
                                 Georgia Bar No. 940504
                                 Patrick Reid
                                 Georgia Bar No. 888769
                                 Attorneys for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com
patrick@justiceatwork.com